RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 NOV 18 P 4:00

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Monica James, | ) | C. A. No. 2:09-3181-DCN-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Monica James, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for supplemental security income benefits on May 16, 2007 and an application for disability insurance benefits on June 26, 2007, alleging that she became unable to work on July 1, 2006, due to human immunodeficiency virus (HIV) and concurrent and residual problems including

fatigue, shortness of breath and mental difficulties. The applications were denied initially and on reconsideration by the Social Security Administration. On June 4, 2008, the plaintiff requested a hearing. The administrative law judge before whom the plaintiff appeared with her attorney (Tr. 25-53), considered the case *de novo*, and February 10, 2009, found that the plaintiff was not disabled under a disability as defined in the Social Security Act, as amended. (Tr. 17-24). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on October 23, 2009.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the insured status requirements of the Security Security Act through December 31, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since July 1, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: human immunodeficiency virus (HIV) (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*). ...
>
> 4. The claimant does have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

2

> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). ...
>
> 6. The claimant is capable of performing past relevant work as a cook helper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965). ...
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2006, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

Tr. 19-23.

## STANDARD OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390 (1971). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shivey v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The court's scope of review is specific and narrow. It does not

conduct a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405(g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An administrative law judge must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairment prevents him from any substantial gainful employment. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An administrative law judge's factual determinations must be upheld if supported by substantial evidence, and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

## GROUNDS PRESENTED

The administrative law judge's opinion is contrary to the totality of the record when considering claimant's medically documented conditions and impairments.

## APPLICABLE LAW

Circuit precedent does not require that a treating physician's testimony "be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir.1992). In fact, 20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2) (emphasis added) both provide, "[i]f we find that a treating source's opinion on the issue(s) of the nature and severity of [the] impairment(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, we will give it controlling weight."

By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight. See, Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)(quoting Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

The Fourth Circuit Court of Appeals has held that "the opinion of a claimant's treating physician must be given great weight." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). It

5

has also held, however, that the ALJ may disregard a treating physician's opinion if there is persuasive contradictory evidence. Smith v. Schweiker, 795 F.2d 343, 345-46 (4th Cir. 1986).

While the Commissioner is not bound by the opinion of a claimant's treating physician, that opinion is entitled to great weight for it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Therefore, it may be disregarded only if there is persuasive contradictory evidence. Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983). Yet the court of appeals has also ruled that the testimony of a non-examining physician can be relied upon when it is consistent with the record. Kyle v. Cohen, 449 F.2d 489, 492 (4th Cir. 1971). Furthermore, if the medical expert testimony from examining or treating physicians goes both ways, a determination coming down on the side of the non-examining, non-treating physician should stand. Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

A "Treating source" means a claimant's own physician, psychologist, or other acceptable medical source who provides, or has provided, the claimant with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with the claimant. Generally, a claimant is considered to have an ongoing treatment relationship with an acceptable medical source

when the medical evidence establishes that the claimant sees, or has seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition(s). The Commissioner may consider an acceptable medical source who has treated or evaluated a claimant only a few times or only after long intervals (e.g., twice a year) to be a treating source if the nature and frequency of the treatment or evaluation is typical for the condition(s). The Commissioner will not consider an acceptable medical source to be a "treating source" if the claimant's relationship with the source is not based on medical need for treatment or evaluation, but solely on the need to obtain a report in support of the claim for disability. In such a case, the Commissioner will consider the acceptable medical source to be a nontreating source. 20 CFR §§ 404.1502.

## DISCUSSION

The plaintiff points to no error in the administrative law judge's review of the record, analysis of the plaintiff's claim, or administrative proceedings. In fact, the plaintiff's brief references only one medical record, that is the opinion of Dr. Hankin, to which the administrative law judge explicitly gave no weight. The plaintiff's argument consists solely of the statement, ". . . the Administrative Law Judge's decision in the present case to give <u>no weight</u> to the opinion of treating

physician who has assimilated Plaintiff's medical history from all available sources is not supported by the evidence and Dr. Hankin's opinion is not controverted by other substantial evidence." (sic) (emphasis in original)(Plaintiff's Brief P. 5). The plaintiff points to no evidence to support that conclusory argument. The plaintiff's reply brief is equally as conclusory and asserts that the evidence from the free clinic is erratic and the opinion of Dr. Sangrita Dash, " does not fulfill the ordinary role of a treating physician under these circumstances." (Plaintiff's Reply Brief P. 2).

The Commissioner, on the other hand, notes that Dr. Hankin saw the plaintiff only once and was not her treating physician. However, Dr. Dash, who saw the plaintiff from February 2007 until at least July 2008 and prescribed medication for the plaintiff's condition (Tr. 170-171), never opined the plaintiff was disabled, nor did any other physician who saw the plaintiff. Further Dr. Kukla, a state agency physician, opined that the plaintiff could perform the work requirements of medium work.

More importantly the administrative law judge reasoned, "The evidence does not show persisting or significant strength deficits, circulatory compromise, neurological deficits, persisting muscle spasms, fasciculations, fibrillations, or muscle atrophy or dystrophy that are associated with long standing, severe, or intense pain or physical inactivity." (Tr.

8

22). Further he explained, "Dr. Hankin indicated that the claimant is unable to work secondary to fatigue and shortness of breath. There is no evidence of chronic impairment that would cause shortness of breath to the degree alleged and fatigue is subjective complaints which in light of the claimant's normal physical examination and no evidence of opportunistic infection. Accordingly I give Dr. Hankin's opinion no weight." (sic) (Tr. 23). The plaintiff takes no issue with this analysis except to assert that giving no weight to Dr. Dr. Hankin's opinion was "inappropriate." (Plaintiff's Brief P. 5). She points to no error in the administrative law judge's analysis of the facts, and only disagrees with the conclusion.

Dr. Hankin wrote, "At the present time with the patient's fatigue and breathing difficulties, it would be impossible for her to carry on any meaningful work." (Tr. 210). Dr. Hankin prescribed no treatment for the plaintiff and apparently saw her only once. He is clearly not a treating physician despite the plaintiff's referring to him as a treating physician, and his opinion is not entitled to be regarded as that of a treating physician. His report, however, is a report from a medical source which the Commissioner is obligated to consider.

SSR 96-5p provides in part,
> Medical sources often offer opinions about whether an individual who has applied for title II or title XVI disability benefits is "disabled" or "unable to work," or make similar statements of

9

opinions. In addition, they sometimes offer
opinions in other work-related terms; for example,
about an individual's ability to do past relevant
work or any other type of work. Because these are
administrative findings that may determine whether
an individual is disabled, they are reserved to
the Commissioner. Such opinions on these issues
must not be disregarded. However, even when
offered by a treating source, they can never be
entitled to controlling weight or given special
significance.

Here the administrative law judge considered the opinion of Dr. Hankin and decided it was entitled to no weight. Given the evidence recited by the administrative law judge in support of that opinion, it cannot be said that the decision is not supported by substantial evidence or is contrary to law.

## CONCLUSION

For the reasons stated above, it is recommended that the opinion of the Commissioner be affirmed and judgment entered dismissing this action.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

November 18, 2010